UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

J&J SPORTS PRODUCTIONS, INC., *as Broadcast Licensee of the May 5, 2007 DeLaHoya/Mayweather Program*,

                Plaintiff,

v.

**DECISION AND ORDER**
07-CV-590S

FLOYD E. BIMBER, III, *Individually, and as officer, director, shareholder and/or principal of F.B. Dooley's Inc. d/b/a Dooleys Bar & Grill a/k/a Dooly's*, and F.B. DOOLEY'S INC., *d/b/a Dooley's Bar & Grill a/k/a Dooly's*,

                Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff's Motion for Default Judgment against Defendants Floyd E. Bimber, III, and F.B. Dooley's Inc.[1] (Docket No. 8.) For the reasons discussed below, Plaintiff's motion is granted.

## II. BACKGROUND

On September 7, 2007, Plaintiff filed its Complaint in this action alleging violations of 47 U.S.C. §§ 553 and 605, et seq. (Docket No. 1.) In particular, Plaintiff alleges that Defendants illegally exhibited the May 5, 2007 DeLaHoya/Mayweather televised boxing program in their establishment. Defendants failed to Answer Plaintiff's Complaint or otherwise defend this action.

As a result of Defendants' failure to appear, Plaintiff filed a Request for a Clerk's

---

[1] In support of this motion, Plaintiff filed the following submissions: a memorandum of law, the Affidavit of Julie Cohen Lonstein, Esq., with attached exhibits, the Affidavit of Joseph Gagliardi, with attached exhibits, a Rule 54(b) Statement, and a Statement for Judgment.

Entry of Default on November 8, 2007. (Docket No. 5.) On January 10, 2008, the Clerk of the Court entered default against Defendants as requested. (Docket No. 7.)

Thereafter, on January 28, 2008, Plaintiff filed the instant Motion for Default Judgment as to its first cause of action. (Docket No. 8.) This Court directed Defendants to appear on February 19, 2008, and show cause why judgment should not be entered against them as requested. Neither defendant appeared. This Court therefore took the motion under advisement.

### III. DISCUSSION

**A.    Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the Complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

Before entering default judgment, the court must determine whether the facts alleged in the Complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. See FED. R. CIV. P. 55(b)(2).

**B.      Statutory Violation:  47 U.S.C. § 605(a)**

Plaintiff seeks default judgment on only its first cause of action: violation of 47 U.S.C. § 605(a).  This section prohibits the unauthorized interception, receipt, exhibition, publication or use of radio communications.  See 47 U.S.C. § 605(a).

By contract, Plaintiff was granted the right to distribute the May 5, 2007 DeLaHoya/Mayweather program via closed-circuit television and encrypted satellite signal. (Complaint, ¶ 15; Gagliardi Aff., ¶ 3).  Without Plaintiff's authorization, Defendants used an "illegal satellite receiver" or otherwise used a device to intercept Plaintiff's broadcast, which originated via satellite uplink. (Complaint, ¶ 19).  With full knowledge that the program was not to be received and exhibited by those unauthorized to do so, Defendants unlawfully intercepted, received, or de-scrambled the satellite signal and exhibited the DeLaHoya/Mayweather program for their direct or indirect commercial advantage or private financial gain.  (Complaint, ¶ 18.)  Depending on the size of Defendants' establishment, it would have cost between $2,200 and $4,200 for Defendants to legitimately purchase the DeLaHoya/Mayweather program from Plaintiff.  (Memorandum of Law, p. 7.)

Accepting Plaintiff's allegations as true, this Court finds that Defendants' unauthorized reception and willful exhibition of the program violated 47 U.S.C. §§ 605(a). Therefore, this Court will grant Plaintiff's Motion for Default Judgment as to the first cause of action in the Complaint.

**C.      Damages**

Under § 605, a plaintiff may recover either actual damages and lost profits or statutory damages.  See 47 U.S.C. § 605(e)(3)(C)(i).  Here, Plaintiff opts for statutory

damages under 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and (ii). (<u>See</u> Memorandum of Law, p. 5.)

Section 605(e)(3)(C)(i)(II) states that "the party aggrieved may recover an award of statutory damages for each violation . . . involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . ."  In addition, §605(e)(3)(C)(ii) provides that where "the court finds that the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation . . . ."  Section 605 does not, however, provide guidance for determining statutory damages and relies instead on the court's discretion.

Considering all the circumstances in this case, this Court finds that an award of $3,200 — the approximate cost of the program — in statutory damages against each defendant is appropriate under § 605(e)(3)(C)(i)(II).  Further, accepting the Complaint as true, this Court finds that Plaintiff has established that Defendants' violations were willful.  An additional award of $9,600 will therefore be awarded against each defendant pursuant to § 605(e)(3)(C)(ii).  See <u>Time Warner Cable v. Goodies Luncheonette, Inc.</u>, 77 F. Supp.2d 485, 490-491 (S.D.N.Y. 1999) (where no special circumstances are shown, a trebling of damages is a "reasonable deterrent against future violations").

Finally, § 605(e)(3)(B)(iii) states that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  In its Statement for Judgment, Plaintiff itemizes $275.00 in costs and $365.62 in attorney fees against each defendant.  This Court finds Plaintiff's costs and attorney fees to be reasonable, and shall therefore award them pursuant to § 605(e)(3)(B)(iii).

## IV.  CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's Motion for Default Judgment.  Further, this Court will award statutory damages, costs, and attorney fees to Plaintiff.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Default Judgment (Docket No. 8) is GRANTED.

FURTHER, that Plaintiff is awarded $13,440.62 in statutory damages, costs, and attorney fees against FLOYD E. BIMBER, III, individually, and as officer, director, shareholder and/or principal of F.B. Dooley's Inc. d/b/a Dooleys Bar & Grill a/k/a Dooly's.

FURTHER, that Plaintiff is awarded $13,440.62 in statutory damages, costs, and attorney fees against F.B. DOOLEY'S INC., d/b/a Dooley's Bar & Grill a/k/a Dooly's.

FURTHER, the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:  May 13, 2008
         Buffalo, New York

                    /s/William M. Skretny
                    WILLIAM M. SKRETNY
                    United States District Judge